Lealand WEST, Bruce P. Badley and Beverly A. Badley, all as tenants in common, Plaintiffs and Appellants,

v.

Denis M. CARON and Mariagnes Caron, individually and as husband and wife, Lawrence County, a Political Subdivision of the State of South Dakota, the City of Deadwood, a Municipal Corporation, and the State of South Dakota, Defendants and Appellees.

No. 12783.

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1980.

Decided Dec. 3, 1980.

A. P. Fuller of Amundson & Fuller, Lead, for plaintiffs and appellants.

Jon Mattson of Driscoll, Mattson, Rachetto & Christensen, Deadwood, for defendants and appellees.

WOLLMAN, Chief Justice.

Appellants are the owners of School Lots 60 and 61 in the City of Deadwood, Lawrence County, South Dakota. Denis and Mariagnes Caron (appellees) are the owners of Mineral Survey (M.S.) 1865. Appellants brought an action to quiet title in School Lots 60 and 61 pursuant to SDCL ch. 21–14. The complaint alleged that appellants owned M.S. 1865 in whole or in part, by virtue of their ownership of School Lots 60 and 61. In effect, appellants alleged that the boundary lines of M.S. 1865 conflict with the boundary lines of School Lots 60 and 61. Appellees denied the allegations and counterclaimed, alleging, among other things, that the boundaries did not conflict and that if they did, appellees' title was superior. The trial court found that School Lots 60 and 61 lie entirely within the Deadwood Townsite and that M.S. 1865 lies outside the Deadwood Townsite. It then entered judgment for appellees, finding that appellants had failed to prove that the boundaries of M.S. 1865 overlapped or encroached upon School Lots 60 or 61. We affirm.

Appellants raise only one legal issue: Is the trial court's finding that M.S. 1865 does not overlap onto the Deadwood Townsite and School Lots 60 or 61 clearly erroneous? We conclude that it is not.

There was conflicting evidence introduced at the court trial. Appellants presented the testimony of Meric Gigear, a registered land surveyor, who concluded that M.S. 1865 does overlap onto School Lot 60. Gigear used two approaches in making this determination. Under his first approach, Gigear located certain corners of the Deadwood Townsite and from those corners determined the approximate location of Locating Monument No. 2. Gigear then used the distances shown on the Deadwood Townsite description together with Locating Monument No. 2 to draw M.S. 1865 onto the Rogers Plat Map, the official map of the City of Deadwood, thereby concluding that the two lots overlapped. Under his second approach, Gigear used the corners of certain lots within the Deadwood Townsite to approximate the location of M.S. 1865. After both approaches placed a certain corner of the Deadwood Townsite in the same location, Gigear concluded that M.S. 1865

overlapped onto School Lot 60 and that M.S. 1865 did not lie entirely outside of the Deadwood Townsite.

Gigear was not, however, able to find any original corners for School Lots 60 or 61, nor was he able to find the surveyor field notes for the school lots. He also was unable to find the legal descriptions of the school lots. Moreover, he admitted that the Rogers Plat Map (dated 1891) used by him does contain some inaccuracies. Although appellants introduced two exhibits indicating that M.S. 1865 does not lie entirely outside of the Deadwood Townsite, these exhibits are inconsistent with the maps drawn by Gigear with regard to the location of a corner of the Deadwood Townsite and School Lot 60.

On the other hand, the corners of M.S. 1865 have been found and have been established by numerous government surveys. Appellees introduced a number of exhibits indicating that M.S. 1865 lies outside the Deadwood Townsite and thus does not overlap onto School Lot 60. First, a location certificate dated 1899 states that M.S. 1865 is situated north of the Deadwood Townsite. Second, a 1904 plat of M.S. 1865, together with the field notes for the 1904 survey, indicates that M.S. 1865 is not included in the Deadwood Townsite. Third, a 1967 Bureau of Land Management Dependent Resurvey map shows that M.S. 1865 is not included in the Deadwood Townsite. Fourth, the 1904 Peck Map, a map of the Ore District of the Northern Black Hills that was compiled from official and private surveys by Frank S. Peck, also indicates that M.S. 1865 is not included in the Deadwood Townsite.

In view of the evidence supporting appellees' contention, we conclude that appellants have failed to demonstrate that the trial court's findings of fact are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). Accordingly, the judgment is affirmed.

All the Justices concur.